UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MANUEL BAUDER EADDY,

    PETITIONER,

VS.

UNITED STATES OF AMERICA,

    RESPONDENT.
_____/

CIVIL NO.: 05-40398
CRIM NO.: 94-50015

HON. PAUL V. GADOLA
MAG. JUDGE STEVEN D. PEPE

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Petitioner Manuel Bauder Eaddy's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed December 29, 2005, (Dkt. #1082). This matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated below it is recommended that Petitioner's § 2255 Motion be **DENIED**.

**II.    FACTS AND PROCEDURAL HISTORY**

Respondent relayed the following factual scenario, which Petitioner does not dispute:

> On August 17, 1999, plaintiff pleaded guilty to count one of the first superseding indictment which charged conspiracy to distribute controlled substances. In his Rule 11 Plea Agreement, docket entry ("R."), 793, he stipulated at p. 3 (and during the plea at p. 22) that he had a base offense level of 34 (due to responsibility for 15 to 50 kilograms of powder cocaine); that he would receive four-levels for a leadership role under USSG § 3B1.1(a); and that he would receive a three-level reduction for acceptance of responsibility. On November 23, 1999, he was sentenced to a

1

189-month term followed by five years of supervised release. (R. 831.)

### III. STANDARD OF REVIEW

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude, which had a substantial and injurious effect of influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993). To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law regarding the petitioner's case "unless the motion and the file records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995). Petitioner is entitled to no relief; thus, an evidentiary hearing is not necessary.

### IV. ANALYSIS

Petitioner's motion is untimely under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255. The statute provides in part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**Section (1)**

Petitioner was sentenced on November 23, 1999 (Dkt. # 831). He did not file a direct appeal. Under section (1), Petitioner was required to have filed his Section 2255 Motion by the end of 2000. Instead, Petitioner filed his Motion to Vacate on December 29, 2005, (Dkt. #1082), five years past the statute of limitations.

**Section (2)**

Petitioner does not allege that the government acted in violation of the Constitution or federal law to create an impediment to his filing to a motion to vacate. Therefore, Section (2) does not apply.

**Section (3)**

The only potential relief is that Petitioner's motion to vacate does argue that he is entitled to relief under *Jones v. United States*, 526 U.S. 227 (1999); *Apprendi v. New Jersey,* 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); and *United States v. Booker*, 543 U.S. 220 (2005). He is required to show a particular right, which was initially recognized after his judgment, and which has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *Booker* is the final word on Petitioner's claim and was not made retroactive, thus, he cannot satisfy the requirements of Section (3).

In *Booker*, the Supreme Court held that the Sixth Amendment is violated when a sentencing judge imposes an enhanced sentence (i.e., a sentence exceeding the maximum sentence authorized by the facts established in a guilty plea or jury verdict) under the United States Sentencing Guidelines, based on the judicial determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, 543 U.S. at 244. The Supreme Court's remedy for the unconstitutionality of the sentencing scheme was to excise the portion of the guidelines that made them mandatory. Thus, prior sentencing by federal judges applying the Guidelines as mandatory could violate *Booker*'s requirement that the Guidelines be counted as advisory, even if the sentence did not exceed the maximum authorized by the facts established by a plea of guilty or a jury verdict.

Yet, the Sixth Circuit and other circuits have held that *Booker* does not apply retroactively to challenges under § 2255 to criminal cases that became final before January 12, 2005, the date *Booker* was issued. *Humphress v. United States*, 398 F.3d 855, 860-863 (6th Cir. 2005); *see also Guzman v. U.S.*, 404 F.3d 139 (2nd Cir. 2005); *Lloyd v. U.S.*, 407 F.3d 608 (3rd Cir. 2005), *U.S. v. Morris*, 429 F.3d 65 (4th Cir. 2005), *U.S. v. Gentry*, 432 F.3d 600 (5th Cir. 2005); *U.S. v. Cruz*, 423 F.3d 1119 (9th Cir. 2005). Therefore, *Booker* does not apply to Petitioner's Motion to Vacate, and Section (3) of the statute of limitations is inapplicable.

**Section (4)**

Petitioner does not allege, and the record does not reflect, that he was only able to discover, through the exercise of due diligence, the facts supporting his claims after the date on which his conviction became final. Therefore, Section (4) does not apply.

V. <u>CONCLUSION</u>

4

Based on the foregoing, it is respectfully recommended that Petitioner's § 2255 Motion be **DENIED**.

Pursuant to Rule 72(b) of the Fed. R. Civ. P. and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may serve and file specific, written objections to the proposed findings and recommendations. Either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Fed. R. Civ. P. 6(b), the court in its discretion, may enlarge the period of time in which to file objections to this report.


**DATED**: June 25, 2007                                          s/Steven D. Pepe
Flint, Michigan                                                        United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:Mark C. Jones, Esq., and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Manuel Eaddy #50565-066, FCI -Elkton, P.O. Box 10, Lisbon, OH 44432.

                                                s/James P. Peltier
                                                United States District Court
                                                600 Church St.
                                                Flint, Michigan 48502
                                                810-341-7850
                                                E-mail: pete_peltier@mied.uscourts.gov